Ruffin, J.
 

 The object of the bill is to follow the assets of Augustus Alexander, deceased, in the hands of his legatees, to whom the executor, Oyru-s Williamson, delivered them before paying a debt to the plaintiff, on a bond given to him by the said Williamson, as principal, and the testator as his surety. But the statements of the bill are so meagre and indefinite as to render it difficult, if not impracticable to raisB the equity, on which the relief is asked ; as, for example, the amount of the bond is not given, nor any thing to identify it or put it in issue, except only the obligors or obligee; and the mode of charging the defendants, and the proportions am also omitted, although most of the legacies are not to persons
 
 nominatim,
 
 but in classes, as the testator’s grand-children, or the children of certain of the testator’s children.
 

 But, without considering those matters further, and supposing the equity to be well founded, there is a radical defect as to a party, which is fatal to the bill. It does not bring WilliamsoD, the principal debtor, or his representative, before the Court, nor assign any reason for not doing so. To a bill for relief against a surety, the principal is an indispensable party, as the decree must bo- against him as the person primarily liable, and the surety is entitled to his assistance in impeaching the bond or showing its satisfaction, and also for the purpose of concluding him in any future proceeding, by the surety, for reimbursement. The bill, on that bead, merely states that Williamson became insolvent after assenting to the legacies.
 
 *323
 
 and is dead. But it does not state when or where he died, nor whether he died testate or intestate, nor that he has no personal representative. The demurrer must, for that cause, be sustained, and the bill dismissed with costs, but without prej udice.
 

 Per Curiam, Bill dismissed.